Seepersad v. Sessions

BIA
Videla, IJ
A029 380 732

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.   CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of June, two thousand eighteen.

PRESENT:
> ROBERT D. SACK,
> PETER W. HALL,
> CHRISTOPHER F. DRONEY
> *Circuit Judges.*

_____

ASHRAM SEEPERSAD,
> *Petitioner,*

v.                                                          16-64

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          RION LATIMORE, Minneapolis, MN.

FOR RESPONDENT:          BENJAMIN C. MIZER, Assistant Attorney
                         General; Shelley R. Goad, Assistant
                         Director; Tim Ramnitz, Attorney,
                         Office of Immigration Litigation,
                         United States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED IN PART and DENIED IN PART.

Petitioner Ashram Seepersad, a native and citizen of Trinidad and Tobago, seeks review of a December 9, 2015, decision of the BIA, affirming a September 4, 2015, decision of an Immigration Judge ("IJ") denying Seepersad withholding of removal, relief under the Convention Against Torture ("CAT"), and a waiver of inadmissibility pursuant to 8 U.S.C. § 1182(h). *In re Ashram Seepersad,* No. A029 380 732 (B.I.A. Dec. 9, 2015), *aff'g* No. A029 380 732 (Immig. Ct. N.Y. City Sept. 4, 2015). In a separate per curiam opinion issued today, we deny Seepersad's petition as it relates to the waiver of inadmissibility. We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Seepersad's criminal conviction limits our jurisdiction to constitutional claims and colorable questions of law, 8 U.S.C. § 1252(a)(2)(C), (D), for which our review is de novo, *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009). Seepersad raises

2

no such claims with respect to the agency's conclusion that he failed to show "that it is [was] more likely than not that he . . . would be tortured." 8 C.F.R. § 1208.16(c)(2). Accordingly, we dismiss the petition for review to the extent that it challenges the denial of CAT relief. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006).

Seepersad seeks withholding of removal based on his fear of future persecution, citing a proposed social group: returning immigrants perceived as wealthy. Whether a group is legally cognizable presents a question of law. *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014).

An applicant seeking withholding of removal must establish that his fear of future persecution is "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42); *see also* 8 U.S.C. § 1231(b)(3). To be cognizable, a social group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014). The agency applied the correct criteria in its analysis and did not err in concluding that Seepersad did not establish that returning

3

immigrants perceived as wealthy have the particularity and definable boundaries necessary to form a particular social group. Seepersad testified to general violence and government corruption in Trinidad, but could not name one individual or group that would target him, testifying instead that his "fear is more general." Record at 65. As we have previously noted with approval, "wealth" cannot form the basis of a social group because it "is simply too subjective, inchoate, and variable to provide the sole basis for membership in a particular social group." *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) (internal quotation marks omitted). Seepersad presented no evidence to distinguish his situation from that addressed in *Ucelo-Gomez*. That some returning immigrants have been attacked does not make the group cognizable. *See Matter of M-E-V-G-*, 26 I. & N. Dec. at 242-43; *see also Ucelo–Gomez,* 509 F.3d at 73 ("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group'. . . .").

For the foregoing reasons, the petition for review is DISMISSED IN PART insofar as it challenges the denial of CAT relief and DENIED IN PART insofar as it challenges the denial

4

of withholding of removal.  Seepersad's motion for a stay of removal is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk